Mr. Justice Bingham
delivered the opinion of the court:
The complainant states in his bill that from the 15th of September, 1885, to the 3d .of June, 1886,-his assignor, the *73 Anglo-American Insurance Company, transacted business with the defendant as its depositary bank, delivering to it from time to time divers sum of money, as also bills, notes, checks, drafts, and so forth, for collection, in respect to all of which the bank engaged to act as a collecting agent of the insurance company, and to pay over and to account for all such collections to the company and to its assignees on demand; that on the 24th of June, 1886, the insurance company duly executed and delivered to the complainant its deed of assignment of all its assets, and the complainant accepted the same and entered upon the discharge of the trust thereby created, for the benefit of all the creditors of the company; that the complainant notified the defendant of these facts, and made the proper demand on.its officers for an account and discovery of the assets in its hands; that the defendant neglected and refused to make such discovery or to account, and the complainant prays that the defendant be compelled to make discovery and to account, and asks for a decree for payment of whatever amount may be found in its hands.
To this bill the defendant filed his plea, denying that the complainant was legally the assignee of the Anglo-American Insurance Company, and asserting that the assignment was not the act of the corporation, nor authorized by a vote of its stockholders, trustees, or directors. A replication was filed and the case heard in the Court in Special Term, and a decree of dismissal of the bill rendered, from which the complainant appeals.
The issue presented is whether it was in the power of the insurance company, a corporation, to make this assignment. It is contended by the defendant that it could not; first, because by the provisions of Section 554 of the Revised Statutes of the District of Columbia, it is provided that a corporation organized under this statute shall be capable in law of purchasing, holding, and conveying any real or personal estate whatever, which may be necessary to enable the *74 company to carry on its operations — but “shall not mortgage such estate or give any lien thereon except in pursuance of a vote of the stockholders of the company.”
It is argued by counsel for the complainant that the term mortgage or lien used in this statute cannot embrace a deed of assignment; that a deed of assignment is not the creation of a lien on property of the corporation within the meaning of this statute, and is not a mortgage.
We are inclined to believe otherwise. We think it is the creation of a lien upon the property of the corporation. The legal title is conveyed- by this deed of assignment in trust for the specific purpose that the property may be converted into money for the benefit of creditors. We think, therefore, the assignment must be held to be void, because from the evidence it is clear there was not a compliance with the provisions of this statute. There never was any vote of the stockholders nor any meeting of the stockholders in relation to the making of an assignment. Indeed it appears from the evidence that the assignment was simply the act of the president. It does not appear that the trustees or directors of the corporation were consulted, or that they had any meeting whatever on the subject. The contrary is shown by the fact that the directors were scattered — all of them were absent in foreign parts at the time of and for quite a period anterior to the assignment. It is very clear outside of this statute, on general principles, that the president has no power to make an assignment unless he is ordered to do so by the directors of the company.
It is claimed, however, that two years have elasped since this assignment was made, and that no complaint has been made by the stockholders or trustees, and hence their acquiescence in this act must be presumed and that this is sufficient. However that may be, at common law this deed of assignment without compliance with the terms of the statute cannot be validated by such acquiescence. But we are also inclined to think that this could not be so for *75 another reason, namely, the corporation'itself has no power to make an assignment of its assets for the benefit of creditors. It so hampers itself in thus making a disposition of its property and its means for carrying out the purposes of its organization, that it amounts to a practical dissolution of the corporation. That is not one of the known methods by which a corporation may be dissolved and cease to do business. The way we apprehend for a corporation to surrender its charter is by a proper proceeding in a court of chancery, that surrender being made of course to the sovereign power which created it. Chancery has power to appoint a receiver to take charge of the assets and to do complete justice to the stockholders and the creditors of the concern.
We think there was no error in the decree of the court below in dismissing this bill, and it is therefore affirmed.